UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-81621-CV-Rosenberg/Hopkins

PATRICIAN KENNEDY,

        Plaintiff,

v.

ROBERT SPIEGEL,

        Defendant.
_____/

# REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTIONS FOR ATTORNEYS' FEES AND COSTS (DE 42, 48)

**THIS CAUSE** is before this Court upon the District Court's Referral Orders (DE 43, 49). Presently before the Court are Plaintiff's Motions for Attorneys' Fees and Costs (DE 42, 48), Defendant's responses (DE 46, 50), and Plaintiff's reply (DE 47). For the reasons that follow, this Court **RECOMMENDS** that Plaintiff's Motions be **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

Plaintiff, who is wheelchair-bound and has limited use of her hands, brought this action alleging that Defendant violated the Americans with Disabilities Act (ADA) by owning, operating or leasing a shopping plaza that has *inter alia,* insufficient spaces for disabled parking, non-compliant restrooms, narrow or blocked passageways, and other obstructions. (DE 1). On August 11, 2016, the District Court adopted and approved the parties' joint consent decree, ordering Defendant to bring the property into compliance with the ADA. (DE 41). The Court

also held that Plaintiff was entitled to recover her attorneys' fees and retained jurisdiction for that purpose. *Id.*

Plaintiff seeks reimbursement in the amount of $17,220.00 for attorney's fees, paralegal fees of $218.50, costs totaling $461.54, expert fees of $2,900.00,[1] and a re-inspection fee of $1,000.00.

## DISCUSSION

**1.  Plaintiff's Status as Prevailing Party**

Generally speaking, in American litigation each party in a lawsuit bears its own attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001)(citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)).  However, there are statutory exceptions, such as that contained in the Americans with Disabilities Act.  *See Ass'n of Disabled Americans v. Neptune Designs, Inc.,* 469 F.3d 1357, 1359 (11th Cir. 2006) citing 42 U.S.C. § 12205 (in ADA actions, the court may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs).

Notably, Defendant does not dispute that Plaintiff is the prevailing party in this action and is entitled to her reasonable attorneys' fees and costs.  Since entitlement is not disputed, the Court will consider the reasonableness of the attorneys' fees and costs sought.  Defendant argues that the fees charged are excessive, redundant, and unreasonable.  (DE 46).

---

[1]  There is a discrepancy in the amount expert fees sought.  Plaintiff's motion indicates "expert expenses in the sum of $1,300.00" (DE 42 at p. 11), however, the breakdown of fees and costs attached to Plaintiff's motion indicates two "expert invoice(s)" for $1,700.00 and $1,200.00, for a total of $2,900.00.  (DE 42-3 at p. 8).  Based on Plaintiff's total fees and expenses calculation of $20,264.90, it appears that the actual amount of expert fees sought is $2,900.00.

**2.  Calculation of Attorneys' Fees: the Lodestar Method**

In calculating attorney fee awards, courts use the lodestar method, whereby a reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*citing Blum v. Stenson*, 465 U.S. 886, 888 (1994)).  This "lodestar" may then be adjusted for the results obtained.  *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).[1]

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).  The fee applicant bears the burden of establishing the claimed market rate.  *See Barnes*, 168 F.3d at 427.

The Court must consider "what a reasonable, paying client would be willing to pay," bearing in mind "*all* of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees," including the *Johnson* factors.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008)(court

---

[1]  In computing the lodestar amount, the factors enumerated in Rule 4–1.5 of the Rules Regulating the Florida Bar, should be considered: (1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; (5) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and (8) whether the fee is fixed or contingent.  *Ottaviano v. Nautilus Ins. Co.*, 717 F. Supp. 2d at 1264 (*citing Standard Guaranty Ins. Co. v. Quanstrom*, 555 So.2d 828, 830, n.3 (Fla. 1990)).  *See also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)(listing nearly identical factors to consider in determining a reasonable attorney's fee).

must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively")(*emphasis in original*).  In addition, the Court may consider prior hourly rates awarded to other attorneys of similar experience in the community and also the Court's own knowledge of the rates charged by local practitioners.  *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006)("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate.").  *See also Norman*, 836 F.2d at 1303 ("[t]he court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . .").

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit stated,

> The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.  That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.

168 F.3d at 427 (citations and quotations omitted).

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment."  *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them.  *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301 (*emphasis in original*)).

### A. Number of Timekeepers

Plaintiff's application seeks reimbursement for fees generated by two attorneys: Thomas Bacon and Philip Cullen, both of whom have been practicing law for over 20 years and specialize in ADA litigation. (DE 42, Exhibits A & B). Of the 41 hours of combined attorney time spent on this case, Mr. Bacon billed 3.7 hours. His time entries indicate that he merely handled the initial intake of the case before referring it to Mr. Cullen. Given that Mr. Cullen performed all of the substantive work on this matter, the Court will only consider the time spent by him.

### B. Hourly Rate

Attorney Cullen seeks an hourly rate of $420.00. While the Court acknowledges that Mr. Cullen has significant legal experience in this field, and that he has been awarded this hourly rate previously (*see Houston v. S. Bay Inv'rs No. 101, LLC,* 2013 WL 3874026, at *2 (S.D. Fla. July 25, 2013); *Kennedy v. 5096 Forest Hill Invs., LLC,* Case No. 15-CV-81001-Rosenberg (DE 21)), the Court notes that just last month, another judge in this District reduced Mr. Cullen's requested rate to a more reasonable $300.00 per hour. *See Kennedy v. Jupiter Palms Assoc.,* Case No. 16-CV-81288-Middlebrooks (DE 15) (Cullen's rate reduced based on *Johnson* factors "with particular attention" given to similar cases filed in this jurisdiction and difficulty of the issues, among others).

Here, the Court notes that Mr. Cullen has represented Ms. Kennedy in at least 75 other ADA cases in this District, and that counsel acknowledges having a "continuing relationship" with her. (DE. 42 at p. 9). The Court finds that "[i]n view of the regular nature of the employment," such repeat clients are desirable and it is "reasonable to conclude . . . that a discounted rate is appropriate." *Microsoft Corp. v. Raven Tech., Inc.*, 2007 WL 809682, at *6

(M.D. Fla. Mar. 15, 2007) (court discounted attorney's hourly rate for a "well established client").

Based on the Court's familiarity with the rates typically charged by law firms bringing ADA lawsuits, and the fact that the case was not novel or complex, the Court finds that an hourly rate of $300.00 is reasonable. *See Stringham v. Eym Diner of Florida, LLC*, 2014 WL 4954686, at *2 (M.D. Fla. Oct. 2, 2014)(ADA attorney with 20 years of experience sought an hourly rate of $420.00, but court reduced it to $300.00); *Hoewischer v. Joe's Properties, LLC*, 2014 WL 1457545, at *3 (M.D. Fla. Apr. 15, 2014)(ADA attorney sought hourly rate of $350.00, but court reduced it to $300.00).

### C. <u>Hours Expended</u>

The Court has reviewed the time records submitted by Mr. Cullen showing 37.3 hours billed, as well as the objections lodged by Defendant.

While there can be no dispute that by obtaining a consent decree, Plaintiff prevailed in this matter and Mr. Cullen secured a successful outcome for his client, the Court finds that the frequency with which Mr. Cullen files such similar cases warrants a reduction in time. Indeed, based upon a review of Mr. Cullen's time entries, the Court finds some evidence of excessive billing and recommends that his time be reduced by ten hours.

> Counsels' time should be reduced in light of the volume of ADA cases litigated by Plaintiff's counsel on behalf of this Plaintiff, under very similar circumstances. *See Access for the Disabled, Inc. v. Missouri Mart, Inc.,* 2006 WL 5432711, *2–3 (M.D. Fla. Dec.7, 2006) (court reduced fee request noting ADA litigation is "repetitive and form intensive"); *Brother v. Miami Hotel Investments, Ltd.*, 341 F.Supp.2d 1230, 1236 (S.D. Fla. 2004) (where plaintiff's counsel drafted a "cookie-cutter complaint" that was "virtually identical" to the "numerous other complaints filed by these attorneys," as well as motions and stipulations that contained essentially boilerplate language, court reduced hours sought in fee application).

*Fox v. Cohen Ventures, LLC,* 2009 WL 1393348, at *4 (S.D. Fla. May 15, 2009).

Based on the foregoing, this Court recommends an award of attorneys' fees in the amount of $8,190.00 (representing 27.3 hours at an hourly rate of $300.00).

### D. Paralegal Fees

With regard to the activities performed by paralegals, the general rule is that where the work performed is that normally performed by an attorney, paralegal time may be included as part of an attorney's fee award. *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989)(district court did not err by compensating the plaintiffs for the work of law clerks and paralegals at market rates, rather than at their cost to the attorney); *Jean v. Nelson*, 863 F.2d 759, 778-80 (11th Cir. 1988)(time spent by paralegals and law clerks could be reimbursed to the extent that the work was normally done by an attorney).

Here, Mr. Cullen seeks $115.00/hour for 1.9 hours billed by his paralegal. Upon reviewing the paralegal's time entries, the Court finds that the work was primarily clerical in nature, namely, setting up conference calls, scanning and collating documents. Therefore, this Court recommends that reimbursement for the paralegal's time be denied. *See Knight v. Paul & Ron Enterprises, Inc.,* 2015 WL 2401504, at *8 (M.D. Fla. May 19, 2015)(work that is clerical or secretarial in nature is not recoverable).

### 3.  Plaintiff's Motion for Taxable Costs

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *See* Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). However, such presumption is not without limits, and courts may only tax costs as authorized by statute. *See EEOC v. W&O, Inc.*, 213 F.3d

600, 620 (11th Cir. 2000)(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co.*, 482 U.S. at 441-442. This section provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Here, Plaintiff seeks to recover $942.40 in taxable costs, which includes a filing fee,[2] as well as fees for service of process and service by publication. (DE 42-3 at p. 8). The request also seeks reimbursement for $25.00 in "accurint database searches" and $56.40 for a "non-military affidavit." *Id.* Plaintiff's counsel failed to provide any legal support for the latter two costs, which are not specifically identified in the statute above, and thus, the Court recommends that those costs be denied. Counsel also failed to attach the requisite documentation to support the costs for service of process and service by publication. In order for a prevailing party to recover its costs, the party must not only show that those costs are taxable, but "must also provide *sufficient detail and sufficient documentation* regarding those costs." *Porcelanas Florencia, S.A. v. Caribbean Resort Suppliers*, Inc., 2009 WL 1456338, at *6 (S.D. Fla. May 22,

---

[2] The Court recommends that Plaintiff be reimbursed for the $400.00 filing fee.

2009)(emphasis in original)(finding that supporting documentation, e.g. bills, invoices, etc., are also required).

It is well settled that the expense of using a private process server is compensable only to the extent authorized in 28 U.S.C. § 1921. *See EEOC v. W&O, Inc.*, 213 F.3d at 624. In other words, the prevailing party is only entitled to those fees that would have been incurred had the United States Marshal's Office effected the service. *See Valley v. Ocean Sky Limo,* 82 F. Supp. 3d 1321, 1331 (S.D. Fla. 2015)(awarding costs for service of process based on Marshal's rates). The relevant regulations provide that the Marshal's Service charges $65.00 per hour for each subpoena served. *See* 28 C.F.R. § 0.114. Here, given that Plaintiff did not provide the actual invoices or justify the increased fees charged for service of process, the Court will award fees consistent with those charged by the Marshal's Service and reduce the $461.00 Plaintiff seeks to $65.00.

In sum, the Court recommends that Plaintiff be reimbursed for her taxable costs in the amount of $465.00.

**4.  Expert Fees**

Plaintiff seeks reimbursement of $3,900.00 in expert fees, namely $1,700.00 for an initial invoice, $1,200.00 for a "complete inspection & report," and $1,000.00 for a re-inspection fee. (DE 42-3). In his response papers, Defendant notes that Plaintiff has not provided any invoices in support of these fees. Indeed, Plaintiff provides no information about the expert's hourly rate, nor any breakdown of the tasks he performed. Most importantly, Plaintiff failed to address these deficiencies in her reply papers, despite being put on notice of them. Counsel did not refute Defendant's objection by providing detailed information about the expert's fee, nor attach any invoices. This omission is particularly egregious since Mr. Cullen has been admonished

previously by the Court for failing to attach expert invoices. *See Kennedy v. 5096 Forest Hill Invs., LLC,* Case No. 15-CV-81001-Rosenberg (DE 21). Since it appears that Plaintiff's unsupported request for expert fees has been abandoned, this Court recommends that it be denied. *See John M. v. Brentwood Union Free Sch. Dist.*, 2015 WL 5695648, at *11 (E.D.N.Y. Sept. 28, 2015) (court found that Plaintiffs "appear to have abandoned" a request for fees since "they failed to address Defendant's opposing arguments in their reply").

## RECOMMENDATION

In conclusion, this Court **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Plaintiff's Motions for Attorneys' Fees and Costs (DE 42, 48) as follows:

| | |
|---|---|
| Attorney Cullen's Fees | $8,190.00 |
| Taxable Costs | $ 465.00 |
| Paralegal Fees | $ -0- |
| Expert Fees | $ -0- |
| TOTAL FEES AND COSTS: | $8,655.00 |

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings

and recommendations as provided by rules of court."); s*ee also* Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy").  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 23rd day of November, 2016.

*[signature: James M. Hopkins]*

JAMES M. HOPKINS
United States Magistrate Judge